DANIEL POORMAN, Respondent, *v.* SOLOMON C. MITCHELL, Appellant.

1. *Foreign judgments, effect of within State — Res adjudicata.* — Where a suit was brought in this State on a judgment rendered in another State, and while the suit in this State was pending, defendant filed a petition in the foreign court, where the original judgment was rendered, setting up certain facts and praying that the judgment might be set aside; and the plaintiff filed answer, and the cause was tried and the petition of defendant dismissed. *Held*, that in our court, on trial of the suit brought on the original judgment, the matters set up by defendant, in this petition to have the judgment set aside, were *res adjudicata*, and that defendant could not set up as a defense in the suit on the original judgment the same matters which had been decided against him on his petition to set aside said judgment.

*Appeal from St. Louis Circuit Court.*

*T. Z. Blakeman*, for appellant.

I. The courts of this State, where a foreign judgment is sought to be enforced by suit before them, will inquire into the jurisdiction of the court rendering the same, and if they find that the said court had not jurisdiction of the person of the defendant and the subject-matter of the suit, they will treat such judgment as null and void. (Latimer v. Union Pacific R.R., 43 Mo. 105.) Whether or not the court of Ohio had jurisdiction of the person of the defendant, must appear from the record of the judgment. (Lapham v. Briggs, 27 Verm. 24, 26 ; Evans v. Instine, 6 Ohio, 117; 1 Greenl. Ev. 546, 548.)

II. Plaintiff cannot avail himself of the finding of facts by the court of Ohio under the petition of the defendant to vacate said judgment. Plaintiff must rely on his cause of action at the time he declares. A court cannot render a judgment, and afterward, in another proceeding, find the facts to support the judgment. The finding of the court on defendant's petition to vacate, is not a declaration of a court of Ohio as to the force and effect of said judgment in Ohio. It is nothing more than a recital of what it concludes to be facts. The finding of matters of fact, as aforesaid, could not be used as evidence on the trial of the cause below, because it is no more than hearsay.

*S. Reber*, for respondent.

I. The matters of defense set up in defendant's amended answer are adjudicated and decided against him in the proceedings which he instituted in the Ohio court. He chose his own court, which had jurisdiction of the matter.

II. The judgment of the Ohio court, if erroneous — of which there is no pretense — could not be attacked collaterally, but only reversed on error.

CURRIER, Judge, delivered the opinion of the court.

This suit was founded upon an Ohio judgment. The defendant avers that the judgment is not binding on him because of the existence of certain facts which are set out in the answer. The plaintiff replied, first traversing the allegations of the answer, and then averring specially that, in conformity with the practice and laws of Ohio, the defendant, on the 26th of October, 1867 (this suit being then pending), filed his petition in the court in Ohio, where the original judgment was rendered, setting forth the several matters contained in his answer, and praying that the judgment might be set aside and the petitioner (the present defendant) allowed to make his defense. The present plaintiff was made a party defendant, and filed his answer traversing the allegations of the petition in that proceeding. The case was tried, and the issues were found against the petitioner (the present defendant), and his petition was dismissed.

On the trial of the suit now before the court, transcripts of the Ohio records were read in evidence against the defendant's objection. The Ohio statutes referred to were also read in evidence. The trial was by the court. No declarations of law were asked or given. The court found for the plaintiff, and the defendant appeals.

There is but a single question in the case, namely, whether the facts alleged in the defendant's answer were adjudicated before the Ohio court, where the judgment sued on was rendered. After the defendant was sued here he petitioned the court in Ohio to set aside the judgment upon which he was sued; alleging as

grounds for the application the same facts set out in his answer here. It is not questioned but that the Ohio court, under the laws of that State, had jurisdiction of the subject-matter of the defendant's petition, and authority to modify, vacate or set aside the judgment complained of. The defendant chose his own forum, brought in his antagonist, made up the issues, tried his cause, and judgment went against him.

The parties and subject-matter are identical in the two proceedings. The Ohio court had jurisdiction, and it seems to me that this presents a plain case of *res adjudicata*. ( 2 Sto. Eq., §§ 889, 902.)

There is no force in the objection that the proceedings in Ohio upon the defendant's petition were subsequent to the commencement of this suit. They were prior to its termination, and were duly brought upon the record here by the pleadings and evidence.

The judgment will be affirmed. The other judges concur.