LORENZO ALLIS vs. WILLIAM F. DAVIDSON, impleaded, etc.

March 26, 1877.

Estoppel—Prior Judgment Rendered, Pending Action in which it is Pleaded as
   Estoppel.—The jurisdiction of a court competent to make it, being admitted,
   both as to the parties and subject-matter of the action, its judgment therein,
   until reversed or set aside, is, when properly pleaded, a conclusive bar upon
   the same parties in respect to every matter necessarily determined by such
   judgment.    Whether the suit in which the judgment is rendered arose before
   or after the commencement of the action in which it is pleaded makes no
   difference as to the application of this rule.

This action was brought in the district court for Ramsey county, on August 17, 1874, against the defendant Davidson, mortgagee in a mortgage of the undivided half of certain real estate in the city of St. Paul, executed by plaintiff; the defendant Israel G. Lash, mortgagee in a prior mortgage of the whole of the same real estate, made by plaintiff and defendant Davidson, as tenants in common thereof in fee, in equal proportions; and the defendant John Grace, as sheriff of Ramsey county. The plaintiff, in his complaint, alleges various matters to show that, as between himself and the defendant Davidson, the latter ought alone to pay the mortgage of Lash, and to protect plaintiff's undivided interest in the real estate from liability therefor, and that the defendant Lash ought not to be permitted, on foreclosure of such mortgage, to sell plaintiff's interest in such real estate, and also various matters going to invalidate the note and mortgage from plaintiff to the defendant Davidson. The complaint further alleges that the defendants Lash and Davidson have severally commenced proceedings to foreclose, by advertisement, their respective mortgages, the sale under the Lash mortgage being noticed for August 18, 1874, and that under the Davidson mortgage for August 20,, 1874.

The relief demanded is, among other things, that the note and mortgage from plaintiff to defendant Davidson be surrendered and cancelled; that the defendant Davidson be required to pay the whole amount of the Lash mortgage; that Lash be required, on his foreclosure, to sell the interest of defendant Davidson in the mortgaged property before selling that of plaintiff; that defendant Davidson be restrained, by perpetual injunction, from foreclosing the plaintiff's mortgage to him; and that the foreclosure of both mortgages be wholly restrained by injunction until the determination of this action.

The defendant Davidson, in his separate answer, served November 3, 1874, (to which date the time for answering

had been extended,) put in issue the material averments of the complaint.

In January, 1876, the defendant Davidson, by leave of the court, served a supplemental answer, alleging the matters following, viz.: On December 10, 1874, the defendant Davidson, who then was and has since been a citizen of the state of Missouri, filed his bill in equity in the United States circuit court for Minnesota, against the now plaintiff and others, as defendants, to foreclose the before-mentioned mortgage, made to him by plaintiff. The now plaintiff was duly served with process in that suit, and appeared and interposed a plea alleging the pendency of the present action. The plea was overruled, and thereupon the now plaintiff failed to answer the said bill, which was taken *pro confesso* against him and all the other defendants in that suit. A reference was ordered to a master, to compute the amount due on the note and mortgage, etc., and, on his report being filed, the usual final decree was entered, confirming the master's report, and directing a sale of the mortgaged premises to satisfy the amount so found due, with interest and costs, and adjudging the now plaintiff to be personally liable for the payment of the mortgage debt, and that he pay to the plaintiff in said suit the amount of any deficiency remaining after such sale, etc. The proceedings for foreclosure of the defendant Davidson's mortgage by advertisement, which this action was brought to restrain, were long since abandoned.

To this supplemental answer the plaintiff interposed a demurrer, which was overruled by *Brill* and *Simons*, JJ., and the plaintiff appealed.

*Allis & Allis* and *H. J. Horn*, for appellant.

*Bigelow, Flandrau & Clark*, for respondent.

CORNELL, J.   Both plaintiff and defendant were parties to the foreclosure suit, the judgment in which is interposed as a bar to the present action by the supplemental answer of the defendant herein.   Under the issues tendered by the

bill of complaint in that suit, the validity of the note and mortgage in controversy, and the amount due thereon, were necessarily involved and adjudged by the judgment therein rendered. The jurisdiction of that court being undoubted, both as respects the subject-matter and the parties, it follows that its judgment, when properly pleaded, is a conclusive bar to any further litigation of the same matters arising between the same parties in any other action, whether such other action was begun before or after the suit wherein the judgment was rendered. *Poorman* v. *Mitchell*, 48 Mo. 45. The object of the present action is to impeach the validity of the note and mortgage, and procure their cancellation. So long as the judgment of the federal court remains in force, it precludes the parties from entering upon or prosecuting any such litigation.

Order affirmed.