THE STATE BANK OF COUNCIL GROVE V. SUSAN E. RUDE, *Administratrix, &c.*

RES ADJUDICATA; *Sufficient Answer; Error.* R. sued a bank for the wrongful conversion of a promissory note deposited with it by one S., who transferred his claim against the bank therefor to R. The bank answered that it received the note for collection from S.; but while it was in its possession it sold and disposed of it for its actual value and held the proceeds to apply to the satisfaction of certain debts due and payable by S. to the bank, which debts, it alleged, were in excess of the note, and were due at the time of the sale of the note, and at the assignment of S. to R. To the answer, R. replied by a general denial. Upon the trial, the court found that the bank had not wrongfully converted the note, and rendered judgment in favor of the bank for costs. Afterward, R. brought a second action against the bank for money had and received to the plaintiff's use, but being in fact an action for the recovery of the proceeds of the sale of the said note. The latter pleaded the former judgment in bar. R. demurred to the answer. The court sustained the demurrer, and gave judgment in favor of R. *Held,* Error, as the answer set forth a good defense, the matter being *res adjudicata.*

*Error from Morris District Court.*

ON September 2, 1878, *L. P. Rude* commenced an action against the *The State Bank of Council Grove,* in the district court of Morris county, to recover the sum of $300 for the unlawful conversion and disposition of certain promissory notes formerly owned by one W. F. Shamleffer. Among these notes was one executed by Robert McMillan to the order of Shamleffer, Armstrong & Co., for the sum of $113.63, of the date of March 27, 1877, bearing 12 per cent. interest per annum from date. The petition also alleged that on the 11th day of June, 1878, said W. F. Shamleffer duly assigned to said Rude his claim against the bank for said conversion, and damages. On September 27, 1878, the bank filed its answer, alleging that the note so executed by Robert McMillan, with others, were left with the bank for collection; that the note of said Robert McMillan was disposed of by the bank on October 7, 1877, for $118.53, its actual value; that the proceeds were in the possession of the bank, awaiting a settle-

ment of the business affairs between Shamleffer and the bank; that at the time said note was disposed of, and before the alleged assignment to Rude, the said W. F. Shamleffer was and continued to be indebted to the bank in excess of the proceeds of the said note; that the other notes had never been collected, but remained in the hands of the bank, subject to the order of said W. F. Shamleffer. The answer concluded with a prayer for judgment in favor of the bank, that the action be dismissed, and costs recovered. On October 12, 1878, Rude filed a reply, denying all the allegations in the answer; and at the October term, 1878, the action was tried by the court, a jury being waived. After a hearing of the testimony and a trial upon the merits, the court made a finding that the allegations of wrongful conversion set forth in the said petition were not true, and therein duly rendered judgment in favor of the bank for all costs. Thereafter, on Nov. 23, 1878, said L. P. Rude again commenced an action against the bank, before a justice of the peace of Morris county, to recover $150, and alleged in his bill of particulars that on June 11, 1878, the bank was indebted to W. F. Shamleffer in the said sum of $150, for money had and received to and for the use of said Shamleffer, and that on said 11th day of June, 1878, Shamleffer, for a valuable consideration, assigned his claim against the bank to said Rude. On Nov. 26, 1878, on a hearing before the justice, judgment was rendered in favor of Rude for $128.22 and costs. The bank appealed to the district court of Morris county. On February 3, 1879, L. P. Rude died; and thereafter Susan E. Rude, the defendant in error, the administratrix, etc., of L. P. Rude, deceased, was substituted as the plaintiff. On April 23, 1879, the bank, now plaintiff in error, filed its answer to the alleged cause of action. It pleaded in bar the former judgment, recovered in the district court at the October Term, 1878, in the action between L. P. Rude and the bank. The answer further stated that the money due on and evidenced by the said promissory note executed by Robert McMillan of March 27, 1877, for $113.63 [and set forth in the original petition of L. P.

Rude, filed Sept. 2, 1878], is and was the identical money referred to in the second action commenced against the bank, and that in fact the subject-matter of the two suits was the same. To this answer a demurrer was filed, upon the ground that no sufficient facts were stated therein to constitute a defense. At the April Term, 1879, this demurrer was sustained. The bank, electing to stand by its demurrer, did not amend its pleadings, and the court rendered judgment against it for $130 and costs. The *Bank* brings the case here.

*Buck & Kellogg,* for plaintiff in error.

*M. B. Nicholson,* and *A. J. Hughes,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The question is, whether the former judgment recovered in the district court, at the October term, 1878, in the action of L. P. Rude v. the Bank, is a bar to the action commenced November 23d, 1878, by the same plaintiff against the same defendant. In the first action, Rude sued the bank for the wrongful conversion of the promissory note of $113.63, deposited with it by one Shamleffer for collection. The bank, in its answer, acknowledged receipt of the note for collection, and also admitted that it had sold and disposed of it, but stated that it held its actual value, or proceeds of such sale, to apply to the satisfaction of certain debts due and payable by Shamleffer to the bank, which debts, it asserted, were in excess of the value or proceeds of the note. These debts were alleged to be due the bank at the time of the sale of the note, and before the assignment of the claim of Shamleffer to Rude. Under the pleadings, the sale and conversion of the note being admitted, one of the issues was, whether the proceeds of the note were properly retained by the bank. In brief, whether the account to the credit of Shamleffer in the bank at the time of the assignment to Rude, exceeded the amount of debts due and payable by him to the bank. The issues in the case turned largely upon the answer and reply. While the first action

10—23 KAS.

was commenced to obtain the value of the note, it ran into an action for the proceeds of the note upon the pleadings filed subsequent to the petition.    To use common counts, the first action was commenced for trover, but became by the subsequent pleadings an action for money had and received to the plaintiff's use.

If the bank had no valid set-off against Shamleffer, the judgment in the first action was erroneous.    If it had a set-off in excess of the proceeds of the note, the judgment was right. Whether right or wrong, it is in full force, unreversed, and concludes the rights of the parties in respect to all questions involved in the pleadings on which it was rendered.    As a judgment for the proceeds of the note might have been rendered by the court in the first suit in favor of Rude, if the bank had had no set-off equal to or in excess of said proceeds, the cause of action of the two suits was virtually the same. When the merits in an action have been passed upon, or from the issues made by the pleadings might have been passed upon, the judgment rendered in the case bars a subsequent suit for the same cause of action between the same parties.    When the same cause of action has once been litigated and decided, that is an end of it, and the form of the action is immaterial.    If the cause is the same, the judgment is conclusive.    The second petition or bill of particulars contained averments of legal conclusions, rather than allegations of actual facts, but if the dry, naked, actual facts of the transactions of the bank concerning the note and its refusal to turn over the proceeds had been stated, as the code really demands in pleadings, the similarity of the causes of action would be more apparent.

In our view, the former recovery as pleaded, is a complete bar to the second action, and therefore the judgment of the district court will be reversed, and the case remanded with direction to that court to overrule the demurrer filed to the answer of the plaintiff in error.

All the Justices concurring.