## Samuel Shepard v. G. W. Stockham.

Pleading — *Res Judicata* — *Demurrer* — *Error.* Where, in an action brought to have certain shares in the capital stock of a corporation assigned to the plaintiff, upon the ground that the same had antecedently been purchased of the defendant, but never properly assigned to him; and the defendant answered that all the issues involved in the case had been previously settled by the special findings, verdict and judgment, in another action, between the same parties and in the same court; and a demurrer was interposed to such answer and sustained by the court below: *Held,* Error.

*Error from McPherson District Court.*

THE opinion states the case.

*John D. Milliken,* for plaintiff in error.

*Lucien Earle,* and *Simpson, Bowker & Travis,* for defendant in error.

Opinion by GREEN, C.: On the 29th day of December, 1886, G. W. Stockham commenced this action against Samuel Shepard, in the district court of McPherson county, alleging, in substance, that on the 9th day of June, 1883, the defendant sold and delivered to him sixty-two and one-fourth shares of the capital stock of the Conway Town Company, but that

no transfer had ever been made on the books of the company; that, owing to the fact that the stock stood in the name of Shepard, $26.18 of a dividend had been paid to him, and asked that upon the bringing of said stock into court, defendant be required and compelled to assign the same to the plaintiff, in proper form, and that he have judgment against the defend-- ant for the dividend drawn.   To this petition of the plaintiff the defendant answered, first, by a general denial; second, that the possession of the stock had been obtained by fraud and force; and afterward, by way of a supplemental answer, set up, first, the fact that in another action between the same parties and in the same court, all the matters of difference between them, as raised by the issues in this case, were tried, determined and adjudicated; and, for a second defense, set up the further fact that he had a judgment for $800 against the plaintiff, which he asked to have allowed as an offset to the plaintiff's claim, to the extent of his judgment, interest and costs. To this supplemental answer, the plaintiff demurred as to the first and second causes of action, which demurrer was sustained as to the first and overruled as to the second.   But previous to the court's passing upon the demurrer, the plaintiff, with the consent of the court, dismissed his second cause of action, wherein he asked for a money judgment for the dividend received by Shepard.   The cause was tried by the court, and Shepard was ordered to sign his name to the certificate of stock which Stockham claimed he had sold to him.

The facts in this case are peculiar and novel, and may be stated briefly as follows: Shepard owned one hundred and sixty acres of land in McPherson county, and in consideration of $6,125 par value of stock in the Arkansas Valley Town Company, deeded to the company forty acres for a town-site, as a part of Conway; on the 9th day of June, 1883, he sold the remaining one hundred and twenty acres of his farm to Stockham, giving him a warranty deed for the same.   It was claimed by Stockham that this sale included the stock in the town company; that he had neglected to have a written transfer made, but did obtain possession of the stock.   Shep-

ard claimed, however, that the possession of this stock was obtained without his consent and by force and fraud. After the sale by Shepard to Stockham, he moved to Kingman county and for some three years had no communication with the town company, or Stockham, except to receive notices of the annual meetings of the town company, and seemed to have had no knowledge that any dividends had been declared on the stock; Stockham, in the meantime had been receiving the dividends upon this stock, which had been sent to the local agent at Conway. Sometime in the month of July, 1886, Shepard returned to McPherson county on a visit, and received a letter from the post office at Conway, from the town company, enclosing a draft to his order for $26.18, being a dividend upon the stock in question for the year 1886; he used the proceeds of this draft, and, in a short time, received a letter from Stockham notifying him that the dividend belonged to him; and, upon Shepard's refusal to account to him for the same, filed a complaint against Shepard before a justice of the peace of McPherson county, charging him with stealing the money. He was subsequently arrested in Kingman county and brought back to McPherson county, where the case was continued from time to time and finally dismissed by the county attorney. On the 29th day of December, 1886, this suit was commenced, and in a few days thereafter, an action was instituted by Shepard against Stockham for damages for malicious prosecution; this latter action was tried on the 19th day of October, 1887, in the district court of McPherson county before a jury, and special findings and a verdict were rendered in favor of Shepard for $1,500, which was, upon a motion for a new trial, reduced by the court to $800; ninety days were given to make a case for the supreme court, but, as a matter of fact, the case was never taken up.

In this case, the jury rendered a special verdict, and among other questions asked and answered, were the following:

"State at what time, if at all, the plaintiff, Samuel Shepard, sold his certificate of shares in the Conway Town Co. to the defendant, G. W. Stockham? A. Never sold them.

"Question 2. At what time was the certificate of shares of the plaintiff Shepard delivered to the defendant Stockham? A. Never delivered."

Upon the rendition of the judgment in the case for malicious prosecution, the plaintiff in error in this case obtained leave of the court to file a supplemental answer, setting up, first, that the issues involved in the case had all been settled, by the special findings, verdict and judgment in the action for malicious prosecution, and were, therefore, *res adjudicata;* second, that if such was not the case, that Shepard had a judgment of $800, which he was entitled to set up as an offset in case the finding as to the ownership should be against him; the court sustained the demurrer as to the first cause of action, and overruled it as to the second, but upon the trial excluded all evidence tending to prove it. The trial of this case occurred on the 27th day of April, 1888.

The first ground of error relied upon is the ruling of the court in sustaining the demurrer to the defense of *res adjudicata,* set up in the supplemental answer. The real question for our determination is, whether or not the same subject-matter between these parties was drawn in question, or included in the issue, so that it could be, or was, as a matter of fact, tried and determined by the special findings, verdict and judgment in the former action, in the same court and where the same persons were parties. A solution of this question is a decision of this case. Three things, says Chief Justice Shaw, seem to be necessary to constitute an adjudication, so that a former judgment may be pleaded as a bar to another suit: First, whether the subject-matter of a legal controversy which is proposed to be brought before any court for adjudication, has been drawn in question, and whether the issues of the former judicial proceeding which has been determined is a legal judgment on the matters, so that the whole question may have been determined by that adjudication; second, whether the proceedings were between the same parties, in the same right or capacity, relating to the subsequent suit, or with their privies respectively, claiming through or under

them, and bound and estopped by that which would bind and estop those parties; and third, whether the former adjudication was had before a court of competent jurisdiction. (*Bigelow v. Winsor*, 1 Gray, 302.) It has become a settled rule of action, firmly established in our jurisprudence, that no man shall be twice vexed over the same controversy, and, following this principle, this court has said:

"When the merits in an action have been passed upon, or from the issues made by the pleadings might have been passed upon, the judgment rendered in the case bars a subsequent suit for the same cause of action between the same parties. When the same cause of action has once been litigated and decided, that is an end of it, and the form of action is immaterial. If the cause is the same, the judgment is conclusive." (*Bank v. Rude*, 23 Kas. 146.)

"There is a growing disposition to enlarge the scope of the doctrine of *res adjudicata.*" (*Comm'rs of Wilson Co. v. McIntosh*, 30 Kas. 238.)

"The rule of *res adjudicata* applies as well to facts settled and adjudicated as to causes of action." (*Whittaker v. Hawley*, 30 Kas. 327.)

We find the same doctrine enunciated by text writers.

"There are but few older principles or rules of law that have been handed down from generation to generation, from the earliest days of the Roman law to the present time, than that of estoppel." (1 Herman, Estop., § 1.)

"There is no doubt that a judgment or decree necessarily affirming the existence of any act is conclusive upon the parties or their privies, whenever the existence of the fact is again put in issue between them, not only when the subject-matter is the same, but when the point comes incidentally in question in relation to a different matter. . . . To render a matter *res adjudicata*, it is not essential that it should be distinctly and specifically put in issue by the pleadings. It is enough to have been shown and tried and settled in the former suit." (Freeman, Judgm., § 249.)

"To constitute a judgment in one case a bar to another action, it is not necessary that the object of the two suits be the same, nor that the parties should stand in the same relative position to each other." (*Barker v. Cleveland*, 19 Mich. 230.)

"The judgment of a court of competent jurisdiction is conclusive on the parties as to all points directly involved in it, and necessarily determined." (*Shirland v. National Bank*, 21 N. W. Rep. 200; *Hahn v. Miller*, 28 id. 51.)

"The judgment of a court of competent jurisdiction upon a particular matter, fact or point once litigated and determined is conclusive between the parties or their privies." (*Wales v. Lyon*, 2 Mich. 282.)

"Such judgment is conclusive when given in evidence, though not pleaded by way of estoppel." (*Trayhern v. Colburn*, 66 Md. 227.)

The estoppel of an issue on a particular point, or of the judgment itself as to the point which it decides, will be conclusive as to the points in any subsequent proceeding, whether founded on the same or a different cause of action. (1 Herman, Estop., § 111, and cases there cited; 3 Smith, Lead. Cas., 9th ed., 2095; *Cromwell v. County of Sac*, 94 U. S. 351; *Wilson v. Deen*, 121 id. 525; *Gardner v. Buckbee*, 3 Cowen, 120; *Furneaux v. Bank*, 39 Kas. 146.)

When a matter is once adjudicated, it is conclusively determined, as between the same parties and their privies; and this determination is binding, as an estoppel, in all other actions, whether commenced before or after the action in which the adjudication was made. (Freeman, Judg., § 249; *Poorman v. Mitchell*, 48 Mo. 45; *Allis v. Davidson*, 23 Minn. 442; *Casebeer v. Mowry*, 55 Pa. St. 419.) In the latter case, the court said:

"The date is of no consequence; it is the fact of an adjudication on the subject-matter between the same parties, which gives effect to the former recovery. The operation is the same, whether the record be pleaded by the one or the other of the parties."

It seems to us that, tested by the well-settled rule "that a man shall not be twice vexed for one and the same cause," and the great weight of authorities, the judgment relied on and set up in the supplemental answer of the defendant is within the rule, and a bar to this action. Stockham charged Shepard with stealing this dividend of $26.18, and had him

arrested, and he was subsequently discharged.  Shepard then sued Stockham for malicious prosecution, and in that suit it was determined, by a finding of the jury, that this very stock had never been sold by Shepard to Stockham.  This was an essential and important fact in that controversy. It was determined by a judicial examination and verdict, and, in our judgment, was conclusive, and the demurrer was improperly sustained.

Res judicata;
sustaining de-
murrer, error.

Something has been said about the sufficiency of the plea, but we think it good, upon demurrer.  If it were not sufficiently full, definite and certain, the proper way to raise that question would have been by motion.  The demurrer should have been overruled.

It is not necessary for us to notice the other errors complained of.

We recommend a reversal of the judgment.

By the Court: It is so ordered.

All the Justices concurring.