ELLIS & OSBORN v. L. W. CROWL *et al.*

WRONGFUL ATTACHMENT — *Damages — Res Judicata.* A sheriff levied orders of attachment upon a stock of merchandise, as the property of C., and took the same into his possession. E. & O., who claimed the property, brought an action of replevin against the sheriff, demanding a return of the property, together with damages for its unlawful detention. Judgment was given in their favor for a return of the property and for costs; which judgment was fully satisfied and discharged by the return of the goods and the full payment of the costs, as the judgment required. Afterward, an action was brought against the sheriff and the sureties on his official bond, to recover damages for the wrongful taking and detention of the property. *Held,* That the adjudication in the replevin action is conclusive upon the parties, and a bar to the maintenance of a second action. *Held, further,* That the sureties of the sheriff can avail themselves of the bar of the former adjudication, and are released from liability.

*Error from Pottawatomie District Court.*

A SUFFICIENT statement is contained in the opinion. Judgment for the defendants, *Crowl* and three others, at the February term, 1888. The plaintiffs, *Ellis* and another, bring the case here.

*Keller & Noble,* for plaintiffs in error.

*Hayden & Hayden, W. F. Challis,* and *H. C. Hutton,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiffs brought an action against L. W. Crowl, as sheriff, and W. W. Emmons, E. Walker, and A. Richards, as sureties on the official bond of Crowl, to recover damages for the seizure and detention of a stock of merchandise. In their petition, after setting forth the election of Sheriff Crowl, and the execution and acceptance of his official bond, they alleged that certain orders of attachment, issued from the district court of Pottawatomie county, directing the sheriff to attach the property of one T. J. Coverdale, were placed in the hands of the sheriff to be executed accord-

ing to law; but that, instead of levying upon the property of Coverdale, he wrongfully attached and took into his possession a stock of general merchandise which was the property of the plaintiffs, valued at about $5,000, and retained the possession of the same from the 20th day of September, 1886, until the 16th day of March, 1887. They allege that by reason of the unlawful seizure and detention of the goods, and the cost and expense of recovering the same, they were damaged in the sum of $5,000.

The answer of the defendants was a general denial, except that Crowl was sheriff, and the other defendants were sureties on his official bond as such sheriff; and, for a second defense, alleged —

"That on the 23d day of December, 1886, in the district court of Pottawatomie county, state of Kansas, said Ellis & Osborn, the plaintiffs herein, duly filed their petition against L. W. Crowl, one of the defendants herein, setting forth and alleging their right to the immediate possession of the stock of goods and merchandise mentioned and described in the plaintiff's petition herein, and demanding a return thereof, and a judgment for the sum of $1,500 damages, alleged to have been sustained by reason of the detention; and such proceedings were thereupon had in said suit that said L. W. Crowl appeared and answered to the petition, and a final judgment was therein rendered; that in said action one of the questions litigated and decided was the amount of damage, if any, which the said plaintiffs had sustained by reason of the detention of the said goods by the said L. W. Crowl; that in and by a judgment and decree of said court it was adjudged and determined that the said plaintiffs were entitled to the return of the goods mentioned and described in said petition, and that in default thereof for their value therein stated, and that said plaintiffs also have and recover of and from said L. W. Crowl their costs herein, taxed at $ ——, which said judgment was fully satisfied and discharged by the return of said goods and chattels, and the full payment of said costs before the commencement of this action; that said plaintiffs utterly failed to recover a judgment for the damages alleged to have been sustained by them in their said petition, or any part thereof."

The plaintiffs demurred to the second count of the answer,

for the reason that the facts therein stated did not constitute a defense. The demurrer was overruled by the court, and, the plaintiffs electing to stand on their demurrer, judgment was rendered in favor of the defendants for their costs.

The only question involved is, whether the former adjudication in the replevin action against Crowl is a bar to this action brought by the same plaintiffs against him and the sureties on his official bond. This question the district court answered in the affirmative, and, we think, correctly. The plaintiffs had the choice of several remedies for the wrong that had been committed. They were entitled to damages for the wrongful taking and detention, and, among other remedies, had their action against the sheriff on his bond for the conversion of the property, and also the action of replevin to recover the property or its value, and all damages sustained for its wrongful seizure and detention; and they chose the latter. In that action, according to the allegations of the answer, they not only asked for the recovery of the property attached, but they asked for the damages which they had sustained by reason of the seizure and detention. It is true, they did not recover damages in that action, but the right to damages was an issue in the case, and was necessarily tried and determined. The judgment in that case was satisfied before the commencement of this proceeding, and is conclusive upon the parties and their privies upon every question which, under the pleadings, was or might have been litigated and determined. In the former action the plaintiffs could have recovered full compensation for the loss sustained by the taking and detention of their property, and to as full a measure of damages as if they had first chosen the present remedy. (*Bell v. Campbell*, 17 Kas. 211.) In the case cited, the question of what was the proper measure of damages in a replevin case was under consideration, and Mr. Justice VALENTINE, who delivered the opinion, said:

"In some cases, deterioration of the property from injury, neglect, etc., while wrongfully detained, must be considered as an element in the allowance of damages. In other cases,

the decrease in the market value of the property must be taken into consideration.    In other cases, perhaps few, gross malice, fraud and oppression may be taken into consideration for the purpose of giving exemplary damages.    In other cases, the value of the use of the property must be taken into consideration for the purpose of giving compensatory damages.    .   .   .   And still in other cases, other damages than those above mentioned are sometimes allowed in actions of replevin.    .   .   .   Indeed, in every action of replevin, the plaintiff or the defendant, as the case may be, should be allowed to recover all the damages, not too remote, which he has actually sustained by reason of the wrongful detention of the property, in whatever way such damages may have resulted.    Exact compensation for his loss is the true rule."

If plaintiffs had first instituted this action instead of replevin, they could have had no more than "exact compensation" for the injury suffered.    The issue in this case, so far as damages for detention is concerned, is substantially the same as in the former.    The same elements of damages are to be considered, and substantially the same proof would be required to sustain the issue in either case.    It is claimed that there is not the requisite identity of parties to constitute the former adjudication a bar to the present action; and this for the reason that the replevin action was brought against the sheriff only, while the present action is against him and his sureties.    The determination of any issue or fact by a court of competent jurisdiction is conclusive upon both the parties and their privies.    If the sheriff can avail himself of the bar of the former adjudication, then there is no question but that his sureties are relieved from responsibility.    They are only responsible for his default, and any adjudication which exonerates him is equally effectual in releasing his sureties from liability.    (Wells, Res Adj., § 105.)    The matter in controversy here, as presented by the pleadings, was fairly embraced within the issues of the replevin action; and as it was there determined by a court of competent jurisdiction, and the judgment then given has been satisfied and discharged, the controversy must be regarded as forever at rest.    Public policy and

the well-established rules of law forbid that the unsuccessful party should be allowed to renew the contest or continue a litigation which has been once considered and decided. (*Bank v. Rude*, 23 Kas. 146; *Comm'rs of Wilson Co. v. McIntosh*, 30 id. 234; *Whitaker v. Hawley*, 30 id. 317; *Hoisington v. Brakey*, 31 id. 560; *Shepard v. Stockham*, 45 id. 244; same case, 25 Pac. Rep. 559; *Dawson v. Baum*, Wash. T., 19 Pac. Rep. 46; *Sullivan v. Baxter*, 150 Mass. 261; *Bridge Co. v. Sargent*, 27 Ohio St. 233; Freeman, Judgm., § 272; Wells, Res Adj., §§ 249–253.)

The judgment of the district court will be affirmed.

All the Justices concurring.