MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LABETTE.

No. 11,830.* ( 64 Pac. 56.)

TAXATION—*Injunction—Interest—Res Judicata.* Where suit is brought to restrain the collection of interest which accumulated during the pendency of an action to enjoin the collection of a personal-property tax, on the ground that the statutes under which such interest is made collectable are unconstitutional and void, and where it appears that the original proceeding to restrain the collection of the tax, during the pendency of which this interest accrued, was based upon the ground that the levy was unauthorized and invalid and the tax not collectable, and that the defendants in such action joined issue on the legality of such tax, and final judgment was rendered therein sustaining the same, it is *held*, that the question of the constitutionality of the laws under which said tax was levied and interest authorized is *res judicata.*

Error from court of appeals, southern department; A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER, judges. Opinion filed March 9, 1901. *In banc.* Affirmed.

*T. N. Sedgwick,* for plaintiff in error.

*Francis M. Brady,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The petition filed by plaintiff in error in the court below states that in 1895 judgments were obtained against the municipalities of the city of Oswego and Oswego township, in the county of Labette ; that at that time it was the owner of and was operating a line of railway through said municipalities, and, for the purpose of paying such judgments, there was duly levied against its property a tax in the

*For opinion by the court of appeals, see 9 Kan. App. 545, 59 Pac. 383.—REP.

sum of $996.51; that the sum of $9.96 was duly levied as a tax against the property of the Wagner Palace Car Company, then in the possession of and operated by the plaintiff in error, which latter tax was charged to plaintiff in error; that it procured a temporary injunction against the sheriff and treasurer of said county, restraining the collection of such taxes, on the ground that the same were unauthorized by law, uncollectable, and invalid; that the defendants therein joined issue with the plaintiff on the legality of such taxes; that upon a final hearing the injunction was dissolved and a judgment rendered and an order made· that the plaintiff pay said taxes, but no judgment was rendered or order made in regard to the interest which had accumulated during the pendency of said injunction suit; that after the rendition of said judgment the plaintiff tendered to the treasurer the full amount of such taxes so levied, exclusive of interest, and refused to pay any accumulated interest thereon, which tender was refused; that thereupon a tax warrant was issued to the sheriff, commanding him to collect said tax, penalty, and interest thereon at the rate of fifty per cent. from the time that said temporary injunction was obtained.

The plaintiff in error then commenced this action and obtained a temporary injunction to restrain the collection of such interest. It contends that section 171 of chapter 158, General Statutes of 1897 (Gen. Stat. 1899, § 7318), which provides that, when the collection of any personal-property tax shall be restrained and the injunction be dissolved, the county treasurer or sheriff shall collect the original tax and penalties, with interest from the date of the granting of said injunction at the rate of fifty per cent. per annum, is void, in that it violates section 1 of article 2

of the constitution, which requires the legislature to provide for a uniform and equal rate of assessment and taxation. It also contends that section 101 of chapter 158, General Statutes of 1897 (Gen. Stat. 1899, § 7212), is void, for the reason that such section undertakes to legislate certain real estate, road-beds, depots, etc., into personal property for the purpose of taxation, and then imposes a penalty by way of interest greater than that imposed by the statute in cases where the collection of taxes on other real estate is enjoined and the injunction thereafter vacated. Upon a final hearing judgment was rendered dissolving said temporary injunction. The plaintiff in error then prosecuted proceedings in error to the court of appeals, where the judgment of the trial court was affirmed, and it now brings the case to this court.

The penalty and interest became a part of the taxes. (*The State, ex rel., v. Bowker*, 4 Kan. 115; *Kansas Pacific Rly. Co. v. Amrine, Treasurer, etc.*, 10 id. 319.) The legality of .this tax was the question involved in the original injunction suit, and, within the issue there framed, the constitutionality of these sections, and of all other laws bearing on the legality and validity of such tax, was involved, and could have been there litigated and determined. (*Bank v. Rude, Adm'x*, 23 Kan. 146; *Boyd v. Huffaker*, 40 id. 636, 20 Pac. 459.) The court is of the opinion that as to such questions it must be held that the judgment in the former action is a bar to this action.

The judgment of the court below is affirmed.

CUNNINGHAM, J. (dissenting) : The law as announced in the foregoing opinion may possibly be right, but the point on which the court decides the case was not raised by attorneys, either in brief or

upon oral argument, and it comes into the case only at the suggestion of the court. I do not think this is a fair way to treat attorneys. The court should decide cases upon the merits as presented by the attorneys, unless there appear to be questions of a jurisdictional nature which preclude it from so doing.