THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. THE BOARD OF COMMISSIONERS OF ANDERSON COUNTY *et al.*

RES JUDICATA — *Rule.* The rule of *res judicata* applies as well to facts settled and adjudicated as to causes of action.

### Original Proceeding in Mandamus.

THE opinion herein, filed February 6, 1892, contains a sufficient statement of the facts.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff. *James D. Snoddy,* for defendants.

*Per Curiam:* Motions have been filed upon the part of the plaintiff against the defendants to quash the return filed to the alternative writ, and also for a peremptory writ of *mandamus* to issue at once, notwithstanding the allegations contained in the return.   The motions will not be sustained at this time; but, in view of the arguments before the court concerning the

allegations of the return for a peremptory writ, that there may be no attempt to relitigate or reargue questions which have already been settled and determined in the case of *C. K. & W. Rld. Co. v. Ozark Township*, 46 Kas. 415, decided at the January term of this court for 1891, which was subsequently entered under a mandate from this court by the district court of Anderson county, we deem it necessary to say something concerning the proceedings in the latter case. The parties in this action are virtually the same as in the action of the *C. K. & W. Rld. Co. v. Ozark Township*, supra, and the subject-matter between the parties is the same, excepting the recitation in the writ in this case of the tender of $10,000 of the stock of the railroad company subsequent to the entry of the judgment against Ozark township by the district court of Anderson county. The rule of *res adjudicata* applies as well to facts settled and adjudicated as to causes of action. When a matter is once adjudicated, it is conclusively determined between the same parties and their privies as to all matters which were or might have been litigated; and this determination is binding, as an estoppel, in all other actions, whether commenced before or after the action in which the adjudication was made. (*Hentig v. Redden*, 46 Kas. 231; *Railroad Co. v. Comm'rs of Jefferson Co.*, 12 id. 127; *Whittaker v. Hawley*, 30 id. 327; *Hoisington v. Brakey*, 31 id. 560; *W. & W. Rly. Co. v. Beebe*, 39 id. 465; *Comm'rs of Marion Co. v. Welch*, 40 id. 767; *Shepard v. Stockham*, 45 id. 244; Freeman, Judgm., § 249; *Poorman v. Mitchell*, 48 Mo. 45; *Allis v. Davidson*, 23 Minn. 442; *Casebeer v. Mowry*, 55 Pa. St. 419; *Franklin Co. v. Savings Bank*, 12 U. S. 147.) We therefore are of the opinion that everything that was litigated in the action of *C. K. & W. Rld. Co. v. Ozark Township*, supra, or that might have been litigated therein, was determined in that case, and cannot be opened up again. Therefore, there can be no litigation in this action over the terms of the submission under which the railroad claims the right to have the bonds issued, or the subscription, or the construction of the road, or the initial points thereof. All of these matters were, or could have been, liti-

gated in the action determined; and therefore the judgment heretofore rendered by this court and the district court of Anderson county is a bar to any further controversy over these or any similar matters. All that is left for this court to determine concerns the tender of the stock of the railroad company, subsequent to the rendition of the judgment in the district court in Anderson county, in accordance with the mandate of this court.

It is probable that there was sufficient evidence introduced upon the hearing of this motion to authorize a judgment as prayed for to be entered for the plaintiff against the defendants, but in view of the return concerning the denial of any tender of stock, it would be irregular to hear and dispose of the case upon evidence before it has been assigned for hearing. Since the foregoing motions were filed, James Black, one of the county commissioners, and S. Durall, county clerk of Anderson county, have filed supplemental returns, showing that on the 7th of January, 1892, they ceased to be county officers. It is therefore ordered that their successors in office be substituted and made parties defendant in this action, and that the alternative writ be corrected accordingly, and notice thereof given to said successors in office. The case will be set down for hearing at the next sitting of this court, upon the only matter left in dispute, which concerns the alleged tender of stock referred to, and the clerk will notify the parties.