CHARLES REA, *Appellee*, v. THE MONTGOMERY HOME TELEPHONE COMPANY et al. (THE KANSAS CITY LONG DISTANCE TELEPHONE COMPANY, *Appellant*).

No. 17,745.

SYLLABUS BY THE COURT.

1. MANDAMUS—*Powers of Judge at Chambers.* Section 714 of the code confers upon a district court at chambers and upon the judge thereof at chambers as plenary powers to issue either an alternative or a peremptory writ of mandamus as is thereby conferred upon the district court.

2. TELEPHONE COMPANY—*A Public Service Corporation.* A telephone company operating under the authority of the state and under a franchise granted by a city of the state is a public service corporation; its duty to the public results from a trust and station and the performance thereof may be compelled by a writ of mandamus issued by a judge of the district court at chambers.

Appeal from Montgomery district court. Opinion filed July 6, 1912. Affirmed.

*Edw. H. Chandler,* of Independence, for the appellant.

*Banks & Bertenshaw,* of Independence, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for peremptory mandamus brought by the appellee against the appellant and another defendant, to compel the appellant and its codefendant to furnish to appellee a telephone and telephone service in his dwelling house in the city of Independence, Kan., and to furnish him with the same telephone service and upon the same terms as it was giving such service to the general public in the city, and also for the recovery of damages. The petition was verified by the appellee but no summons was issued in the action. A notice with a copy of the motion for the writ and a copy of the affidavit and petition was served upon the appellant. The application was presented to the district judge at chambers. The appellant appeared and objected to the jurisdiction of the judge to grant a peremptory writ of mandamus. After the objection was overruled the appellant made a general appearance and introduced evidence, as did also the appellee, and the judge allowed the writ, reserving the question of damages for the court. A motion for a new trial presented to the judge was overruled, and after the court had rendered judgment for attorney's fees in favor of the appellee a motion for a new trial was filed in court and overruled. Thereupon the appeal was taken.

Five assignments of error are presented, the first of which is that the district court at chambers had no jurisdiction to grant a peremptory writ of mandamus. Section 714 of the code relating thereto reads:

"A writ of mandamus may be issued by the supreme

court or the district court, or any justice or. judge thereof, during term or at chambers, to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust or station."

Section 717 of· the code reads:

"When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance; in all other cases, the alternative. writ must be first issued."

From the language used in the statute, no distinction seems possible between the powers conferred upon the district court during term, and the power conferred upon the judge at chambers. Indeed the distinction between the district court during term and the court or judge at chambers in proceedings of this nature is very narrow and is a matter largely of form. The court sits usually in the court room in the presence of the clerk of the court and a sheriff and generally a stenographer and such members of the bar and others as see fit to attend. At chambers the judge may sit anywhere within his territorial ̇ jurisdiction and no other officers of the court are necessarily present; but they *may* be present. The case and the evidence is presented to the same man in either instance and the result depends solely upon his individual judgment, in a proceeding of this kind no jury being permissible. Such being the case, we conclude that the legislature in enacting the statute above quoted meant exactly what it said and conferred power on the district court and upon the judge thereof at chambers without distinction· to issue a peremptory or an alternative writ of mandamus. Of course no final judgment can be entered in such action without hearing the respondent, or an opportunity therefor.

It is contended that section 2391 of the General Statutes of 1909 provides and governs the powers granted

to judges at chambers. This is true in regard to procedure generally, but in proceedings for a mandamus the special provision above quoted is applicable to the exclusion of the general provision in section 2391.

As provided in section 717 of the code, the alternative writ must be first allowed, except when the right to require the performance of the act is clear and it is apparent that no valid excuse can be given for not performing it. In any case the remedy of mandamus should be exercised with caution and only in furtherance of justice. To this end its exercise is not bound by any hard-and-fast rules but always rests largely in the discretion of the court. (*Faulkner v. Bank,* 77 Kan. 385, 388, 94 Pac. 153.)

In this case the petition in effect shows that the appellant was a public service corporation and was chartered by the city of Independence to furnish the inhabitants of the city with telephone service, and it appeared from the showing that the appellee was entitled to the service and tendered payment therefor in advance; that his dwelling was already connected by wires with the appellant's telephone lines, and that all that was required was for the appellant to place a telephone instrument in the dwelling where such an instrument had before been installed and connecting the existing lines therewith. We think the court did not err in finding that the right of the appellee to the performance of the service was clear and that it was *prima facie* apparent that no valid excuse could be given for not performing it. It follows that no error was committed in granting the peremptory writ in the first instance, although in case of any considerable doubt it is safer to issue the alternative writ first and have a hearing thereon before the peremptory writ is issued.

It is also said that the duty which the court found the appellant was required to perform did not arise from any office, trust or station, but merely from

Rea v. Telephone Co.

the fact that it was operating a telephone ex-
change in the city as a public corporation for hire.
The appellant is a public service corporation, operating
under a charter, presumably procured from the state,
and under a franchise for that purpose granted by the
city of Independence. All its rights and powers are
conferred upon it not merely for the benefit of the
corporation itself but also in trust for the benefit of
the public; the duty resting upon it to perform what-
ever has been legally enjoined upon it by legal and
proper authority is a duty resulting from a public
trust and station, and the public may enforce the per-
formance of such duty by mandamus whenever no other
plain and adequate remedy exists. (*The State v. Mo.
Pac. Rly. Co.*, 33 Kan. 176, 185, 5 Pac. 772; *City of
Potwin Place v. Topeka Rly. Co.*, 51 Kan. 609, 33 Pac.
309; *The State, ex rel., v. D. C. M. & T. Rly. Co.*, 53
Kan. 329, 36 Pac. 755; *City of Topeka v. Water Co.*,
58 Kan. 349, 49 Pac. 79.)

The second objection is that the judge of the district
court at chambers erred in granting a peremptory writ
of mandamus when an action was pending in the fed-
eral court involving the same matter in litigation. The
abstract does not disclose that any evidence was called
to the attention of the district court or judge of any
action pending in the federal court. In appellant's
brief there are some statements in regard to such an
action pending in the federal court and in reference to
the ruling of that court. The action is not brought as
an original action in this court but is here on appeal
to determine whether the district court or judge com-
mitted error on the trial prejudicial to the rights of
the appellant. If, however, the action were an original
proceeding brought first in this court, sufficient evi-
dence is not set forth even in the brief to determine
whether there is "identity in the thing sued for; iden-
tity of the cause of action; identity of persons, and of
parties to the action; identity of the quality in the

persons for or against whom the claim is made." These are each essential requisites to constitute *res judicata,* as stated by Mr. Justice Brewer in *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kan. 127, 135.

There is no merit in the objection that the court at chambers erred in hearing the application over the objection and special appearance of the appellant. Even if it had been error in the first instance, the general appearance of the appellant and the offering of testimony and the full hearing of the questions involved, in which the appellant participated, would have constituted a waiver of the objection.

The appellant objects that the hearing was without any pleading on its part. It made no application, however, for any pleading, and offered evidence as fully as it desired for the purpose of contesting every question which is here presented.

In argument before this court counsel for appellant expressly stated that the amount of the allowance as attorney's fees made by the court for appellee's attorneys was not questioned, if any allowance therefor was proper, but that appellant contended that the court had no right in such an action to grant attorney's fees. This objection is fully answered in *Nolte v. Telephone Co.,* 86 Kan. 770, 121 Pac. 1111, and cases there cited. The allowance of attorney's fees was proper.

We find no error in the judgment and it is affirmed.