Lux v. Columbian Fruit Canning Co.

No. 26,386.

S. E. LUX, JR., *Appellant,* v. COLUMBIAN FRUIT CANNING COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

JUDGMENTS—*Res Judicata—Nature and Requisites.* The defense that goods received under a contract to purchase them did not conform to the samples from which the goods were ordered set up and litigated in an action by the seller to recover the purchase price, cannot be again litigated in an action by the buyer to recover the damages caused by the goods not complying with the samples.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed January 9, 1926. Affirmed.

*D. R. Hite* and *Maurice D. Freidberg,* both of Topeka, for the appellant.

*Thomas Amory Lee,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover damages sustained by the S. E. Lux, Jr., Mercantile Company on a carload of blackberries purchased by that company from the defendant. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

In 1921, the S. E. Lux, Jr., Mercantile Company ordered a carload of solid pack water blackberries. They were shipped and received by the mercantile company, which unloaded them and attempted to sell them, but finally determined that the berries were not equal to the samples on which they were purchased and refused to pay for them. The defendant then brought an action against the S. E. Lux, Jr., Mercantile Company to recover the purchase price of the berries and attached to the petition a statement of account between the defendant and the S. E. Lux, Jr., Mercantile

Judgments, 34 C. J. p. 902 n. 92.

Company. The mercantile company answered, and alleged "that the statement of account . . . is not a true and correct statement of any account between the plaintiff and the defendant . . . Further answering, defendant says that it has paid the plaintiff all that is owing or ever owed to it." Under the following instructions, the jury returned a verdict in favor of the plaintiff in that action for the amount asked, and judgment was rendered accordingly:

"This description of the blackberries and the words I have quoted are a part of the contract. In order to comply with this contract it was necessary that the plaintiff should ship the defendant solid pack water blackberries, and the contract was made subject to buyer's approval of sample, which is to be forwarded immediately. It appears from the evidence that sample of the blackberries was forwarded to the defendant and the same approved, and when that was done then the contract obligated the plaintiff to ship and furnish to the defendant in order to comply with the contract, solid pack water blackberries of the kind and character and grade exhibited to the defendant in the sample. In other words, the plaintiff was bound to furnish blackberries equal to the sample, and they were to be solid pack water blackberries. That was the obligation resting upon the plaintiff, and if the plaintiff furnished blackberries of that description equal to sample and they were delivered to the defendant, it was the duty of the defendant to receive and accept and pay for the same according to the terms of the contract.

"The principal question in this case, as you will see, is as to whether or not the plaintiff complied with this contract to furnish these blackberries; that is, whether they were the blackberries contracted for and equal to sample. You will of course take into consideration all the evidence in the case bearing upon that question and then say whether the plaintiff did comply with its contract in furnishing and tendering these blackberries that were contained in the 1,200 cases. If this was done, then plaintiff, as I have stated, is entitled to recover the purchase price in this case; but if it failed to furnish blackberries of the grade called for by the contract and equal to sample, then the defendant was not bound to accept the same and is not liable in this case unless it has done something to waive its rights, or its conduct has been such that it is not entitled to make this defense in the action."

The S. E. Lux, Jr., Mercantile Company assigned to the plaintiff the claim for damages on account of the defective berries. The plaintiff brought this action to recover those damages and in the petition alleged the order for the berries, their shipment and receipt, and the failure of the berries to comply with the samples on which the order had been made. That part of the petition in the present action was as follows:

"That said blackberries were not properly manufactured; that the defects in the manufacture and packing of said blackberries was not discoverable at the time said blackberries were received, for the reason that the same were

Lux v. Columbian Fruit Canning Co.

inclosed in sealed cans; that said blackberries were not of the kind and quality disclosed by the sample because of said hidden defects; that said blackberries were not merchantable nor were the same fit for human food, nor were said blackberries fit to be sold in the regular course of business as solid pack water blackberries."

The defendant, the Columbian Fruit Canning Company, in answer to the petition alleged:

"That on the 26th day of May, 1923, in an answer in the district court of Shawnee county, Kansas, numbered 35,368, on the docket thereof, wherein this defendant was plaintiff and the S. E. Lux, Jr., Mercantile Company was defendant, the said Columbian Fruit Canning Company recovered judgment against the said S. E. Lux, Jr., Mercantile Company, in the sum of $437.10 [$4,370.10], with interest at the rate of 6% per annum from said 26th day of May, 1923; said action being brought to recover the purchase price under a contract for the sale and purchase of the carload of blackberries referred to in the petition of the plaintiff herein;' that in said action the defendant elected to contest the action upon the theory that the quality of the blackberries shipped under the terms of said contract were inferior to the quality of the blackberries contracted for, and elected not to bring a counter claim for an alleged breach of warranty on the part of the said Columbian Fruit Canning Company in respect of the quality of said blackberries; that said action was tried on the merits thereof, and that the cause of action of the plaintiff herein is an assignment by the said S. E. Lux, Jr., Mercantile Company, to the plaintiff herein of the said alleged breach of warranty on the part of the Columbian Fruit Canning Company in respect of the quality of said blackberries, and that said judgment is a bar to the action brought by the plaintiff herein and that said plaintiff herein is in privity with S. E. Lux, Jr., Mercantile Company and is estopped to set up said alleged cause of action."

.One contention of the defendant is that the plaintiff is estopped by the former adjudication. The instructions in the first action disclose that the S. E. Lux, Jr., Mercantile Company resisted payment because the berries shipped did not conform to the samples. In this action, the plaintiff is seeking to recover damages because the berries did not conform to the samples, were not merchantable, and were unfit for food. The character of the berries was the principal question to be determined in both actions.

In *Benz v. Hines and Tarr*, 3 Kan. 390, this court declared that—

"To make a matter *res judicata* there must be a concurrence of 1st, identity in subject matter; 2d, in the cause of action; 3d, of the persons and parties, and 4th, in the quality in the persons for or against whom the claim is made." (Syl. ¶ 3.)

That rule was again declared in *A. T. & S. F. Rly. Co. v.*

*Comm'rs of Jefferson Co.,* 12 Kan. 127; *The State v. Kaemmerling,* 83 Kan. 383, 384, 111 Pac. 443; and in *Rea v. Telephone Co.,* 87 Kan. 665, 669, 125 Pac. 27.

In *Marshall v. Railroad Co.,* 96 Kan. 470, 476, 152 Pac. 634, the court quoted from *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.,* 47 Kan. 766, 29 Pac. 96, as follows:

" 'The rule of *res judicata* applies as well to facts settled and adjudicated as to causes of action. When a matter is once adjudicated, it is conclusively determined between the same parties and their privies as to all matters which were or might have been litigated; and this determination is binding, as an estoppel, in all other actions, whether commenced before or after the action in which the adjudication was made. (*Hentig v. Redden,* 46 Kan. 231, 26 Pac. 701; *Railroad Co. v. Comm'rs of Jefferson Co.,* 12 Kan. 127; *Whittaker v. Hawley,* 30 Kan. 317, 327, 1 Pac. 508; *Hoisington v. Brakey,* 31 Kan. 560, 3 Pac. 353; *W. & W. Rly. Co. v. Beebe,* 39 Kan. 465, 18 Pac. 502; *Comm'rs of Marion Co. v. Welch,* 40 Kan. 767, 20 Pac. 483; *Shepard v. Stockham,* 45 Kan. 244, 25 Pac. 559; Freeman, Judgm., § 249; *Poorman v. Mitchell,* 48 Mo. 45; *Allis v. Davidson,* 23 Minn. 442; *Casebeer v. Mowry,* 55 Pa. St. 419; *Franklin Co. v. Savings Bank,* 12 U. S. 147.) We therefore are of the opinion that everything that was litigated in the action of *C. K. & W. Rld. Co. v. Ozark Township,* 46 Kan. 415, or that might have been litigated therein, was determined in that case, and cannot be opened up again.' (p. 767.)"

In *Snehoda v. National Bank,* 115 Kan. 836, 224 Pac. 914, the court said:

"Rule applied that a lawsuit between litigants in their ordinary capacity adjudicates between them not only what they chose to litigate, but everything incidental thereto which could be litigated under the facts which constitute the cause of action."

The plaintiff in this action stands in exactly the same relation to the judgment in the former action as the S. E. Lux, Jr., Mercantile Company stood before the assignment was made. The first action was a suit to recover the purchase price of the berries. Payment was resisted because the berries did not conform to the samples on which the berries were sold. The cause of action on which the plaintiff seeks to recover in this action—the failure of the berries to correspond with the samples—was set up as a defense in the former action. Whether or not the berries corresponded to the samples can be litigated but once. That question could have been and was litigated in the former action. It cannot become the subject of another lawsuit.

The judgment is affirmed.