No. 27,883.

EDMOND C. FLETCHER, *Appellant,* v. PERCY L. KELLOGG, as Executor, etc., *Appellee.*

(263 Pac. 1048.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Conclusiveness of Adjudication—Matters Concluded.* Rule followed "that a lawsuit between litigants in their ordinary capacity adjudicates between them not only what they chose to litigate, but everything incidental thereto which could be litigated under the facts which constitute the cause of action." (*Snehoda v. National Bank,* 115 Kan. 836, 224 Pac. 914.)

2. SAME—*Conclusiveness of Adjudication—Elements Constituting Res Adjudicata.* In an action brought to recover for legal services and incidental expenses, as upon a *quantum meruit,* it appears from the record that a former action between the same parties had been brought, tried and determined, which involved the same issues as are presented in this the second action, and there being identity of parties in the character in which they are litigants, identity in the thing demanded and in the facts essential to the maintenance of the action, the judgment in the first action is held to be a conclusive adjudication of plaintiff's claim and constitutes a bar to the maintenance of the present action.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed February 11, 1928. Affirmed.

*S. D. Scott, C. W. Gorsuch,* both of Olathe, and *S. J. McWilliams,* of Kansas City, Mo., for the appellant.

*H. L. Burgess,* of Olathe, and *Leslie J. Lyons,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The question to be considered in this action relates to the application of the rule of *res adjudicata* to the facts set forth in plaintiff's petition. Edmond C. Fletcher brought an action against Percy L. Kellogg, as executor of the estate of Sherman Kellogg, deceased, to recover $31,103.70 for legal services rendered to Sherman Kellogg in his lifetime and for certain expenses incurred in connection with those services. He filed a petition in the probate court of Johnson county setting up his claims and asking for an allowance, but that court sustained a demurrer to his pleading and disallowed his claim. An appeal was taken to the district court, where a demurrer of defendant to plaintiff's petition was sustained

Judgments, 34 C. J. pp. 750 n. 24, 909 n. 31.

apparently upon the ground that the matters involved had been ad-judicated in a prior action between the same parties. Plaintiff as-signs error on that ruling.

The petition is a voluminous pleading of fifty-four pages, contain-ing much argumentative matter with citations of decisions. From the averments therein it appears that William Pitt Kellogg, a resi-dent of the District of Columbia, died testate on August 10, 1918, and in his will Sherman Kellogg, a resident of Kansas, was made a devisee and residuary legatee. Sherman Kellogg, desiring to contest an item of the will which affected the residuary estate and the money and property which would come to him, entered into a con-tract with the plaintiff, who was practicing law in the courts of the District of Columbia, to contest the item of the will mentioned upon a contingent basis, which provided that fees should only be paid out of the excess of the money or property recovered over and above that expressly given in the will.

Under the employment plaintiff brought a series of actions with-out success in the courts of the District of Columbia to annul an item of the will and to protect the interest of Sherman Kellogg in the estate of his deceased brother. Kellogg became dissatisfied be-cause nothing was being accomplished in the steps taken in his be-half, wrote plaintiff canceling the contract and stating that he did not desire any further steps to be taken by plaintiff with reference to the estate. In the same connection he asked for a statement of the moneys plaintiff had collected out of the estate.

The plaintiff at first contested the right of Kellogg to discharge him and also his right to discontinue pending actions, but it is al-leged in the present action that plaintiff then elected to treat the contract of employment as canceled and rescinded, and has since claimed the right to recover the reasonable value of the services previously rendered as upon *quantum meruit,* together with all ex-penses incurred by plaintiff in connection with his services. He further alleged that he waived all claims for damages which he might have claimed against Kellogg by reason of the breach of the contract of employment.

Later Kellogg brought an action against plaintiff in the District of Columbia for an accounting and for equitable relief as to numer-ous charges of indebtedness in dispute between the parties. To Kellogg's petition the plaintiff filed an answer and counterclaim, in which he asked for reasonable compensation as upon a *quantum meruit* for the work and labor he had done in behalf of the plaintiff

in the several actions brought before and after his discharge. Kellogg joined issue with plaintiff on his counterclaim, denying indebtedness and making specific denials as to certain allegations with respect to services rendered. The issues of the case were referred to an auditor upon whose findings judgment was entered in favor of Kellogg for $1,574.45, and the court also decreed the cancellation of a certain note and enjoined plaintiff from prosecuting an action brought for the collection of that note.

An appeal was taken from that judgment to the court of appeals of the District of Columbia, and it was there affirmed. (*Fletcher v. Kellogg,* 6 F. 2d, 476.) The plaintiff undertook to obtain a review of the case in the supreme court of the United States, but that court on October 12, 1925, denied plaintiff's petition for a writ of certiorari, and the judgment has become a finality. It appears that Sherman Kellogg died during the pendency of that appeal, and the executor of the estate was substituted as defendant, and the present action was brought against the executor.

By the record it is clear that the issues involved in the first action were identical with those pleaded in the second. There was identity of parties, identity of the cause of action and of the relief demanded, and identity of the facts essential to maintain the action, and the judgment in the first action was rendered by a court of unquestioned jurisdiction. Plaintiff contends that the judgment in the first action was void and therefore subject to collateral attack. It is said that the court did not have the power or jurisdiction which it assumed to exercise, and that the judgment was not responsive to the pleadings and proof and is therefore void. As already stated, the plaintiff in the first action asked for the reasonable value of the services rendered on the basis of *quantum meruit,* as he has done in the present action. Defendant met the claim by a reply which expressly brought that claim in issue. The cause was referred to the auditor of the court with the direction to ascertain and report the nature and extent of the legal services claimed to have been rendered, together with the time and labor devoted to that purpose, and also to find the reasonable value of the services actually rendered for and in behalf of Kellogg in certain proceedings, which were enumerated, upon which plaintiff's claim was based, and also to find what money plaintiff had expended in that behalf, together with his expenses incurred in the proceedings. Upon the evidence produced, the auditor made findings and reported, and upon these the judg-

ment was entered. It is argued that the court, in entering judgment and in the review by the appellate court, did not mention the plaintiff's counterclaim nor state that his claim was based on *quantum meruit*, but did refer to his contract of employment which had been canceled by Kellogg. The failure to mention in detail the pleadings by which the issues were joined was not important nor was such mention necessary, and the reference to the contract of employment and its cancellation was evidently stated as a part of the history of the case with a view of showing the relation of the parties and the basis of the claim for the services performed as upon the *quantum meruit*, and to ascertain therefrom if any liability arose for those services. The fact that the court did not refer in terms to the case as one on *quantum meruit* does not argue that the nature of the cause was not understood or considered. Doubtless there were other rules and terms applied in the consideration of the case, that went unmentioned. The nature of the cause of action was distinctly pleaded and the ground of relief not open to dispute, and there was no occasion for extended comment in that respect. In the opinion of the court of appeals it is stated that the action was brought for an accounting between the parties, and after relating the making of the contract and its cancellation, the court referred to the fact that plaintiff denied the right of Kellogg to cancel unless he was paid $25,000 for the services rendered. The court then stated:

"No settlement was effected by the parties, and the defendant claims that the plaintiff, by thus canceling the contract, prevented him from completely performing it, thereby earning the contingent fee promised by it, and consequently that he is entitled to recover upon a *quantum meruit* for the services actually performed by him under the contract. This claim is disputed by the plaintiff, and is the chief issue in the case." (p. 477.)

In view of this statement of the issues, how can it be contended that the issue in the case was misunderstood or not given consideration? The court said that plaintiff claimed compensation for his services as upon *quantum meruit*, and not only that, but that it was the chief issue in the case. Plaintiff cites a number of cases holding that if a court acts and determines matters in excess of its jurisdiction or enters a judgment upon a matter outside of the issues, the judgment is without force; but manifestly the present case does not fall within those decisions. The issues were well defined and upon them evidence was received and judgment thereon rendered. The

judgment is general in form and must be deemed to be a final adjudication of the issues and merits of the action. (*State v. Tillotson*, 85 Kan. 577, 117 Pac. 1030.) Everything litigated on a former trial between the parties, or which was incidental and might and should have been litigated, is *res adjudicata*. In the recent case of *Snehoda v. National Bank*, 115 Kan. 836, 840, 224 Pac. 914, it was said:

"It is a general rule of law, indeed an elementary one, that in a lawsuit between litigants in their ordinary capacity, so far as relates to a subsequent action on the same claim, not only is everything adjudicated between them which the parties may properly choose to litigate, but also everything incidental thereto which could have been litigated under the facts which gave rise to the cause of action." (See other cases there cited.)

From the record it appears that the cause of action in the first suit was the same as in the second, there being identity of parties and also identity in the facts essential to the maintenance of the action. The judgment in the first action must therefore be regarded as a final and conclusive adjudication of the plaintiff's claim and as constituting a bar to the maintenance of this action. It follows that the judgment must be affirmed. It is so ordered.