No. 29,223.

GEORGE W. HARGREAVES, doing business as HARGREAVES & COMPANY, *Appellant*, v. THE MARYLAND CASUALTY COMPANY, *Appellee*.

(286 Pac. 231.)

Opinion filed April 5, 1930.

*J. M. Stark,* of Topeka, for the appellant.

*Spencer F. Harris* and *Paul G. Koontz,* both of Kansas City, Mo., for the appellee; *Edward Rooney,* of Topeka, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff is endeavoring to recover from the Maryland Casualty Company the sum of $511.90 for building material sold to the Vaughn Construction Company to be used in the construction of a building at Emporia, Kan. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The Vaughn Construction Company had entered into a contract with the Citizens Building Company for the construction of a building in Emporia and had commenced the construction of the building. The plaintiff sold building material to the Vaughn Construction Company, which material was used in the construction of the building. After that material had been so used, the Vaughn Construction Company assigned in writing its contract to the Maryland Casualty Company in the following language:

"In consideration of one dollar, receipt of which is hereby acknowledged, and on account of the Maryland Casualty Co. becoming surety on the bond of the Vaughn Construction Co., a corporation organized under the laws of the state of Nebraska, the Vaughn Construction Co., its successors and assigns,

does hereby assign, set over and transfer to the Maryland Casualty Co., a corporation organized under the laws of Maryland, all of its rights, title and interest in a certain contract entered into between the Vaughn Construction Co. and the Citizens Building Co., of Emporia, Kan., for the erection of a banking building at Emporia, Kan."

The abstract shows "that the specifications, which were made part of the original building contract, provided that 'unless otherwise stipulated, the contractor shall provide and pay for all material, labor, water, tools, light and power necessary for the execution of the work.'" The abstract also shows that the bond was given "to indemnify the building company only against 'loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract . . .'"

This action is not on the contract, nor on the bond; it is on the assignment and on that alone.

■ One question presented is: Did the assignment signed by the Vaughn Construction Company place on the Maryland Casualty Company any obligation to pay the plaintiff for the material that had been purchased and placed in the building by the Vaughn Construction Company before the assignment was made? The Maryland Casualty Company did not in the assignment expressly assume the obligations of the Vaughn Construction Company to persons from whom it had purchased material to be placed in the building.

Section 33-106 of the Revised Statutes in part reads:

"No action shall be brought whereby to charge a party upon any special promise to answer for the debt, default or miscarriage of another person . . . unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing."

The Maryland Casualty Company did not sign the assignment.

The debt to the plaintiff was the obligation of the construction company, not of the Maryland Casualty Company. It is argued by the plaintiff that the Maryland Casualty Company, when it accepted the assignment from the Vaughn Construction Company, obligated itself to pay the debts contracted by that company in the erection of the building. It may be that the Maryland Casualty Company was liable for the obligations of the Vaughn Construction Company to the Citizens Building Company; but even if the casualty company was so liable, it does not follow that it was liable to parties other than the Citizens Building Company.

It does not appear that the Citizens Building Company was under any obligation to pay the plaintiff for the material sold to the Vaughn Construction Company. No mechanic's lien was filed against the building. If one had been filed and the Citizens Building Company had been compelled to pay the plaintiff for the material sold to the Vaughn Construction Company to free the building from that lien, the building company might have had a claim against the construction company which could have been reduced to judgment. As the situation is, the Citizens Building Company does not have any claim against the Vaughn Construction Company. If the plaintiff did not have any claim against the building company it follows that the plaintiff does not have any claim against the bonding company.

█ The answer alleged that "all issues raised in the plaintiff's petition are *res adjudicata,* having been fully adjudicated in case No. 37,232, *George W. Hargreaves v. Vaughn Construction Co. et al.*"

Plaintiff, in his abstract, says:

"In said cause No. 37232 plaintiff obtained judgment for $511.90, with interest from January 21, 1924, against the Vaughn Construction Company. He failed to recover against the Maryland Casualty Company, on the bond, it being given to indemnify the building company only, against 'loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract  .  .  .' "

The record discloses that this is the second action prosecuted by the plaintiff to recover from the Maryland Casualty Company for the material sold to the Vaughn Construction Company. The first action resulted in a judgment for the casualty company. No appeal was taken from that judgment. The questions now presented could have been litigated in that action. Both actions have been prosecuted for the recovery of the purchase price of the building material sold by the plaintiff to the Vaughn Construction Company. The first action was prosecuted on the theory that the Maryland Casualty Company was liable on its bond; the present one is prosecuted on the theory that the casualty company is liable under the assignment of the building contract. Both theories could have been presented in the first action.

In *Snehoda v. National Bank,* 115 Kan. 836, 840, 224 Pac. 914, it was declared that—

"It is a general rule of law, indeed an elementary one, that in a lawsuit between litigants in their ordinary capacity, so far as relates to a subsequent action on the same claim, not only is everything adjudicated between them which the parties may properly choose to litigate, but also everything incidental thereto which could have been litigated under the facts which gave rise to the cause of action. (*Hentig v. Redden,* 46 Kan. 231, 26 Pac. 701; *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.,* 47 Kan. 766, 29 Pac. 96; *Marshall v. Railroad Co.,* 96 Kan. 470, 152 Pac. 634; *Greenwood v. Greenwood,* 96 Kan. 591, 152 Pac. 657; Id., 97 Kan. 380, 383, 155 Pac. 807; *Tatlow v. Bacon,* 101 Kan. 26, 29, 165 Pac. 835; 23 Cyc. 1295 *et seq.;* 15 R. C. L. 962 *et seq.*)"

That rule was followed in *Winkler v. Korzuszkiewicz,* 118 Kan. 470, 235 Pac. 1054; *Lux v. Columbia Fruit Canning Co.,* 120 Kan. 115, 242 Pac. 656; *Fletcher v. Kellogg,* 125 Kan. 330, 263 Pac. 1048.

The right of the plaintiff against the Maryland Casualty Company to recover for the building material sold to the Vaughn Construction Company was litigated in the former action, and judgment was rendered therein. That judgment is final and conclusive and bars the plaintiff from prosecuting another action against the casualty company for the recovery of the purchase price of the building material.

The judgment is **affirmed.**