No. 32,097

F. H. Dreier et al., *Appellants*, v. Pete Ramsel, *Appellee*.

(41 P. 2d 997)

Opinion filed March 9, 1935.

*Alcid Bowers,* of St. Joseph, Mo., for the appellants.

*A. O. Delaney, Jr.,* of Troy, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This was an action involving the sale of land and the recovery of the purchase price of the same. It appears that the sale was made October 3, 1929. The land sold was the southwest quarter of the southeast quarter of section eighteen, township three, range twenty-two. The price was $10,000, $500 of which was paid in cash at the time of the sale. A note for $500 and another for $9,000 payable $60 on the first of each and every month until it was ultimately paid, made up the remaining part. It was provided that if payments were not made as agreed upon then, at the option of the holder, the debt was to become due and foreclosure might be had and the property sold in satisfaction of the defendant's claim.

In a suit filed in Doniphan county, plaintiffs charged the defendant with fraud in the sale of the land, particularly alleging that defendant showed them one tract of land and conveyed a different tract by the deed. On the issues thus formed they went to trial, and the decision was against the plaintiffs and in favor of the defendant. No other issue of fraud or defense was presented. Afterwards, on May 29, 1930, the defendants sued the plaintiffs on the $500 note. It was brought in Buchanan county, Missouri. The plaintiffs then charged another ground of fraud in that the land was encumbered when it was represented that the title was clear. Upon the issues thus

formed, defendant (plaintiff here) prevailed and judgment was entered, sustaining the contract of sale, and deciding that it was free from misrepresentation and fraud.

In the suit in Missouri the plaintiffs recovered a judgment on the note, but on the counterclaim for the $600 encumbrance it was found and determined that they did not learn of the encumbrance until after the Doniphan county judgment was rendered. An appeal was taken from that which they say has since been affirmed.

The question presented on this appeal is whether the misrepresentations and fraud in the sale were subject to adjudication in the first trial of the case in Doniphan county, where the charges of misrepresentation and fraud were tried out and it was adjudged that no misrepresentation or fraud was perpetrated by the defendant, Ramsel. It is well established that:

"When a matter is once adjudicated, it is conclusively determined between the same parties and their privies as to all matters which were or might have been litigated; and this determination is binding, as an estoppel, in all other actions, whether commenced before or after the action in which the adjudication was made." (*Marshall v. Railroad Co.*, 96 Kan. 470, 476, 152 Pac. 634, quoted from *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.*, 47 Kan. 766, 29 Pac. 96.)

In *Snehoda v. National Bank*, 115 Kan. 836, 224 Pac. 914, it was ruled that:

"Rule applied that a litigant is entitled to whatever relief her cause of action pleaded and proved, or admitted or not denied, entitle her, whether such relief is included in the prayer of her petition or not; and an amendment to the prayer of her petition is not a prerequisite to such relief." (Syl. ¶ 1.)

It was further held:

"Rule applied that a lawsuit between litigants in their ordinary capacity adjudicates between them not only what they chose to litigate but everything incidental thereto, . . . " (Syl. ¶ 2.)

*Lux v. Columbian Fruit Canning Co.*, 120 Kan. 115, 242 Pac. 656, was a suit brought upon a carload of berries in which it was contended that the berries did not correspond with the samples under which they were sold. That issue was tried and decided in a first action and then in the later action brought, in which it was again pressed, the court remarked:

"The first action was a suit to recover the purchase price of the berries. Payment was resisted because the berries did not conform to the samples on which the berries were sold. The cause of action on which the plaintiff seeks to recover in this action—the failure of the berries to correspond with the

samples—was set up as a defense in the former action. Whether or not the berries corresponded to the samples can be litigated but once. That question could have been and was litigated in the former action. It cannot become the subject of another lawsuit." (p. 118.)

In *Fletcher v. Kellogg*, 125 Kan. 330, 263 Pac. 1048, the question was raised that the subject had been determined, that the elements of identity such as identity of parties and identity of the causes of action, and of the relief demanded, were involved. The issues were well defined, and upon them evidence was received and judgment in general form was rendered. It was held following *Snehoda v. National Bank*, supra, that everything litigated by the parties which they chose to litigate as well as everything incidental thereto which could have been litigated under the facts constituting the cause of action, became *res adjudicata*. *First Nat'l Bank v. Schruben*, 125 Kan. 417, 265 Pac. 53, and *Hargreaves v. Maryland Casualty Co.*, 130 Kan. 388, 286 Pac. 231, are of the same import and held to have been adjudicated in the former actions.

When the Doniphan county case was determined, the alleged misrepresentations in the sale of the land were held to be free from fraud. The extra misrepresentation or fraud which was added in the later case was incidental to the issues in the first case and available to them, and could and should have been urged. The claim that the plaintiffs did not know of it is no excuse for the omission. They could have known and presented the added misrepresentation, and their claim that it was not within their knowledge was not available to them.

The judgment is affirmed.