No. 34,327

L. R. GRAY, *Appellant*, v. CLYDE P. W. JOHNSON, *Appellee*.

(92 P. 2d 46)

Opinion filed July 8, 1939.

*Thomas E. Wagstaff* and *Jay W. Scovel*, both of Independence, for the appellant.

*Hubert Horning*, of Howard, for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action for judgment on a promissory note for $725 and for foreclosure of a mortgage on real estate given as security for the note. In his answer the defendant alleged absence of consideration for the note and mortgage and false representations in securing his signature thereto, but in the trial relied upon a defense of partial failure of consideration. The matter was tried before a jury, which found for the plaintiff in the sum of $233.04, for which amount judgment was entered together with foreclosure to the extent of the judgment. Plaintiff appeals.

The principal question here presented is whether the validity of the note and mortgage which the defendant sought to put in issue was *res judicata* by virtue of a judgment theretofore rendered involving the same instruments.

The promissory note was dated May 25, 1933, and the signer, Clyde P. W. Johnson, the appellee, promised to pay to L. R. Gray,

the appellant, the sum of $725 ten years after date, with interest at seven percent per annum, payable annually. The mortgage securing the note covered certain real estate in Elk county, Kansas. The petition alleged that no interest had been paid upon the note and that under the terms of the mortgage the note became due and the mortgage subject to foreclosure upon default of either principal or interest. A motion of the defendant to strike out certain portions of the petition was made and overruled, but is not material to the immediate issues here. The answer alleged that there had been no consideration for the note and mortgage and that they had been executed as a result of false and fraudulent representations made by the plaintiff, and that defendant was ready, able and willing to reimburse the plaintiff for any funds he may have provided for the defendant or any obligations he may have paid in his behalf; that plaintiff had wrongfully obtained possession of the defendant's abstract of title to the land covered by the mortgage and certain other papers, and upon failure to deliver the same to the defendant judgment should be given against plaintiff in the sum of $50. In reply Gray alleged that the note and mortgage had been in issue in a prior action and contended that Johnson could not now attack their validity. The reply set out a petition filed by Johnson on February 5, 1934, in the district court of Elk county asking to have the note and mortgage declared void and canceled on the ground that their execution was secured through false and fraudulent representations by Gray; a general denial made in that action by Gray and a journal entry of judgment for the defendant Gray.

We do not have an abstract of the testimony taken in the first action, but the record before us discloses that Johnson's petition sought cancellation of the note and mortgage on the grounds that Gray had secured his signature thereto through false and fraudulent representations. The nature and extent of the alleged misrepresentations were set out in some detail, but their recital here would add nothing toward the determination of the present issue. In the petition for cancellation was contained this paragraph:

"That plaintiff does not know the amounts of his debts and obligations that defendant may have paid, if any, but that if defendant has paid any of the same by virtue of having this purported note and mortgage, plaintiff now offers to reimburse defendant for the same."

Gray's answer was a general denial. The matter was heard by the court, and after having had the matter under advisement for some days the court made the following finding:

"That there was no fraud committed by the defendant in the matter of securing the note and mortgage from the plaintiff, mentioned and described in plaintiff's petition. The court concludes as a matter of law that said note and mortgage cannot be set aside for fraud, that being the only question involved and the only one considered in the case. The court finds for the defendant, and that judgment should be entered accordingly."

Upon the above record of the proceedings and findings in the prior action, Gray, the plaintiff in the present action, asked the trial court and asks this court to hold that the matter was *res judicata*. The court instructed the jury that in the preceding action Johnson, the maker of the note, had sought cancellation of the note and mortgage solely on the ground that they had been obtained through false and fraudulent representations and that the judgment entered in that action would not interfere with the right of the defendant Johnson to show in the present action that he did not receive from Gray full consideration for the note and mortgage.

The case at bar calls for no extended and academic discussion of the doctrine of *res judicata*. It is, of course, the borderline cases which give perplexity to courts which are asked to apply the doctrine. The doctrine itself is founded on sound principles of public as well as private interest. Not only should private rights be protected and enforced, but the public interest calls for the avoidance of repetitious and needless litigation. Controversies once settled should stay settled, and when it clearly appears that the same parties to current litigation have previously litigated and determined the same cause of action the sound principle of *res judicata* not only may be, but should be, invoked.

This court is not here privileged to pass upon the question of whether there was merit in Johnson's contention, in this case, that there was only partial consideration for the note, and that he did not in fact owe Gray the full amount of the note. The question before us is whether, under the established law, he should have raised the issue of entire or partial failure of consideration in the first action, if that defense against the note and mortgage existed. And having failed to do so, whether he can now make such defense. Let us state and analyze the controversy and the issue presented in the former action.

In the former action Johnson, the mortgagor and maker of the note, sought to invalidate the instruments. He asked for their cancellation. He pleaded false representations in securing his signature and stated that he did not know the amount of the debts and ob-

ligations which Gray may have paid in his behalf, but was ready to reimburse him for whatever payments he had made which occasioned the note and mortgage. Gray, the mortgagee and payee of the note, answered with a general denial. The court found that no fraud had been committed by Gray in securing the note and mortgage and concluded that as a matter of law they could not be set aside for fraud, and stated, "that was the only question involved and the only one considered in the case." There is nothing in the record which indicates that Gray agreed to any limitation of issues in the case. He simply denied Johnson's allegation of fraud, and the court found in his favor. The statement by the court that the issue of fraud was the only one being decided gave no basis for appeal by Gray. In his action to escape the obligations of the note and mortgage there was no reason why Johnson could not have asked for cancellation on the ground of fraudulent representations, or, in the alternative, for reformation of the note by reduction in its amount on account of partial failure of consideration. The essential issue involved was the validity, in whole or in part, of the note and mortgage and on that question both parties were in court and all grounds upon which Johnson relied, either for cancellation or reformation of the instrument, might have been pleaded and presented.

It cannot be said that in the former action Gray might have sought affirmative relief. He could not at that time have asked for judgment on the note and foreclosure of the mortgage because neither principal nor interest were then in default.

Few, if any, courts have gone further than this court in applying the doctrine of *res judicata*. It has been said repeatedly that a judgment entered in a prior action between the same parties who are litigants in a subsequent action and involving the same essential cause of action determines not only the matters formally stated as determined by the judgment, but all questions directly involved in the controversy which might have been raised in the prior action. The plaintiff here seeks judgment and foreclosure on the same note and mortgage which the defendant who executed them attacked in the former action. The facts and circumstances back of the note and mortgage constitute the essential controversy existing in both actions. All grounds for invalidating or reforming the note and mortgage were as well known to plaintiff in the first action as they were to him as defendant in the subsequent action and could have been pleaded and presented. It follows that the validity of the note

and mortgage was *res judicata* by reason of the judgment entered in the prior action, and the trial court should have so held. (See *Lins v. Eads*, 145 Kan. 493, 66 P. 2d 390; *Clark v. Layman*, 144 Kan. 711, 62 P. 2d 897; *Dreier v. Ramsel*, 141 Kan. 502, 41 P. 2d 997; *Fletcher v. Kellogg*, 125 Kan. 330, 263 Pac. 1048; *First Nat'l Bank v. Schruben*, 125 Kan. 417, 265 Pac. 53; *Rucker v. Rafter*, 122 Kan. 91, 251 Pac. 420; *Lux v. Columbian Fruit Canning Co.*, 120 Kan. 115, 242 Pac. 656; *Snehoda v. National Bank*, 115 Kan. 836, 224 Pac. 914; and many other decisions of this court therein cited.)

The judgment is reversed with instructions to enter judgment for the plaintiff upon the pleadings, notwithstanding the verdict and the answers of the jury to special questions.

HARVEY and THIELE, JJ., dissenting.